DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Stephen Hanzely, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, State Teachers Retirement System Board of Ohio ("STRB"), to vacate its decision denying him an exception, pursuant to Ohio Adm. Code 3307:1-4-01(A), to the statutory limitation on compensation in the calculation of final average salary ("FAS") and to enter a decision that recalculates his FAS based upon the administrative exception.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be granted.
 {¶ 3} Relator was employed by Youngstown State University ("YSU") in the physics and astronomy department from 1968 until his retirement in May 2002. For most summers in the course of his employment, relator taught a lecture and associated laboratory class during the summer. In 2000-2001, YSU switched from a quarter system to a semester system. As a result of the switch, the start of the academic year was different and, in accordance with YSU's collective bargaining agreement, two of relator's summer salaries were reported in the same fiscal year. In calculating relator's FAS, STRB excluded a portion of the amount relator was paid in 2000-2001, and, as a result, his FAS was calculated at $96,293 rather than $98,180.
 {¶ 4} R.C. 3307.01(L)(1) defines "compensation" as:
Except as provided in this division, "compensation" means ll salary, wages, and other earnings paid to a teacher by eason of the teacher's employment, including compensation paid pursuant to a supplemental contract. * * *
 {¶ 5} R.C. 3307.501(B) provides certain percentage increases may be excluded from compensation for determining FAS if such percentage increase is greater than either the highest percentage increase paid to the member during any of the three years immediately proceeding the two highest years of compensation, or a percentage increase paid to the employee as part of an increase generally applicable to members employed by the employer. However, Ohio Adm. Code 3307:1-4-01 provides that compensation that would be excluded, pursuant to R.C. 3307.501(B), may be included in the calculation of the FAS if either the same percentage increase is paid to other individuals employed in a similar capacity by the employer and if no more than one-half of such employees made an application for retirement, or the executive director of the retirement system determines other good cause exists for inclusion.
 {¶ 6} The magistrate concluded that nothing in the record rebutted relator's contention that his pay increase in 2000-2001 was solely the result of YSU's decision to switch from quarters to semesters, a decision over which relator had no control; that all YSU faculty who taught that summer would have been similarly paid; and no more than one-half of YSU's employees applied for retirement. Thus, the magistrate concluded the additional amount paid to relator in 2000-2001 should be included.
 {¶ 7} Respondent has filed objections to the magistrate's decision. In its objections, respondent argues for the first time that relator's additional earnings in 2000-2001 were not an increase in salary as defined in R.C. 3307.01(L)(1), but merely the result of how relator was paid for that particular year. This argument was not presented to the magistrate. Respondent's defense to relator's complaint in mandamus and the issue argued before the magistrate was that relator was trying to define a year as a period of 13 months. Regardless, we do not find respondent's new argument to be persuasive. Compensation, on which FAS is based, as defined in R.C. 3307.01(L)(1), is a broader term than just salary and includes "other earnings paid." Further, respondent's argument in its objections is refutted by a letter sent to relator February 3, 2003, wherein the payments in 2000-2001 were clearly regarded as a salary increase.
 {¶ 8} This is not an instance where relator is attempting to manipulate or artificially create higher compensation so as to receive greater retirement benefits. The increase in compensation he received in 2000-2001 was the result of YSU's decision to change from a quarter academic year to a semester academic year, thereby affecting the time at which relator was paid. We conclude that STRB abused its discretion by not including the full amount paid relator in 2000-2001 in the calculation of his FAS, pursuant to Ohio Adm. Code 3307:1-4-01(A)(2).
 {¶ 9} Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own and respondent's objections to the magistrate's decision are overruled. This court grants a writ of mandamus to order respondent, the State Teachers Retirement System Board of Ohio, to vacate its decision refusing to grant an exception to R.C. 3307.501, statutory limitation on compensation and the calculation of FAS, and to enter a new decision that grants an exception, pursuant to Ohio Adm. Code 3307:1-4-01(A)(2), and to recalculate relator's FAS accordingly.
Objections overruled, writ of mandamus granted.
Petree, J., concurs.
Klatt, J., dissents.